UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDY ALBERTO LOPEZ, et al., <br><br> Plaintiffs, <br> v. <br><br> EFRAIN OLVERA, et al., <br><br> Defendants. | Case No. 2:14-cv-00517-MMD-CWH <br><br> ORDER |

## I. INTRODUCTION

This case comes before this Court through Defendants Efrain Olvera and Buchanan Hauling and Rigging, Inc.'s Petition for Removal. (Dkt. no. 1.) Plaintiffs Fredy Alberto Lopez, Pedro Hernandez-Rivera, and Cesar Abrahan Ruiz-Hernandez filed this action in District Court in Clark County, Nevada, after an alleged collision with a tractor trailer operated by Defendant Olvera, while in the course and scope of his employment with Defendant Buchanan Hauling and Rigging, Inc. Plaintiffs assert claims of negligence, negligence per se, negligent entrustment, negligent hiring, negligent training and negligent supervision.

Defendants removed the action on the basis of 28 U.S.C. § 1332. On April 11, 2014, after a review of the petition, the Court ordered Defendants to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. no. 6.) On April 26, 2014, Defendants timely filed their response to the Court's Order. (Dkt. no. 10.) Having reviewed the Defendants' response to the Order to Show Cause, the Court orders that this case be remanded to state court.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment[sic]-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court

may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (citing *Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347–48 (1977)).

## III. DISCUSSION

Defendants claim that the amount in dispute in this case meets the statutory requirement for the Court to exercise jurisdiction. However, Defendants' arguments are premised more on speculation than on a specific showing of a disputed amount over $75,000. Against this backdrop, the Court is mindful that it "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

As the Court noted in its Order to Show Cause, Defendants assert that the Plaintiffs have asked for medical costs totaling approximately $55,000. (Dkt. no. 6 at 2.) Defendants state that the $55,000 is part of Plaintiffs' claim for special damages, and that the Complaint also seeks general damages in an amount exceeding $10,000. (Dkt. no. 10 at 1–2.) That leaves a deficiency of roughly $10,000 that Defendants attempt to make up through mere speculation. First, they argue that a portion of the $55,000 is for Plaintiff Ruiz-Hernandez's shoulder surgery and speculate that Ruiz-Hernandez will likely require physical therapy following the surgery. (*Id.*) Defendants estimate that physical therapy will cost roughly $10,000. (*Id.* at 2.) Defendants do not identify the type of shoulder surgery Ruiz-Hernandez requires or explain why they think physical therapy is likely. They also fail to explain the $10,000 estimate other than to merely state that "Don Nobis Physical" and "Rapid Rehab" charged roughly that amount for physical therapy "following [] shoulder surgery" in 2011 and 2012, respectively. (*Id.*)

Defendants also speculate, without legal or factual support, that "Plaintiffs' counsel will likely require a fee of at least 25%" and thus present an estimate of $16,250 for attorney's fees if 25% is taken from the $65,000 amount. (*Id.*) Defendants do not

///

explain how they arrive at the 25% estimate, except to say that "this is a personal injury case." (*Id.*)

Defendants must overcome a "strong presumption" against removal jurisdiction. See *Gaus*, 980 F.2d at 567. The Court must be provided with the tools necessary to evaluate whether Defendants have met their burden, and must do so as part of its continual duty to establish its own jurisdiction. See *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Based on the record before it, the Court holds that it does not have jurisdiction to hear these claims.

## IV. CONCLUSION

It is hereby ordered that this case be remanded consistent with this opinion. The Clerk shall close this case.

DATED THIS 30th day of April 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE